SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08–7835 PA (PLAx) | Date | December 18, 2008 |
|---|---|---|---|
| Title | Trident Labs, Inc. v. Merrill Lynch Commercial Fin. Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendants Merrill Lynch Commercial Finance Corporation and Merrill Lynch Business Fin. Servs., Inc. ("Defendants"). (Docket No. 1.) Defendants assert that federal jurisdiction exists on the basis of diversity of citizenship.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings . . . ." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the parties seeking to invoke this Court's jurisdiction, Defendants bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

     In attempting to invoke this Court's diversity subject matter jurisdiction, Defendants must prove that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that a plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

**SEND**
**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7835 PA (PLAx) | Date | December 18, 2008 |
|---|---|---|---|
| Title | Trident Labs, Inc. v. Merrill Lynch Commercial Fin. Corp., et al. | | |

      Here, the complaint ("Complaint") asserts that plaintiff Trident Labs, Inc. ("Plaintiff") obtained a loan from Defendants. Despite keeping up with repayments, Plaintiff alleges that Defendants fraudulently pressured Plaintiff to change the loan terms to Plaintiff's detriment. Thus, Plaintiff seeks injunctive relief, restitution, consequential damages, punitive damages, and civil penalties under California Business and Professions Code § 17200, et seq.. (See Compl. 13–14.) However, as to the amount in controversy, Plaintiff merely states that it "has suffered damages in a sum to be proven at trial, but in excess of the minimum jurisdiction of this [Los Angeles County Superior Court]."[1] (Compl. ¶ 22; see also Compl. ¶¶ 42, 51 (same).) Hence, the amount in controversy is unclear from the face of the Complaint.

      "If the amount in controversy is not clear on the face of the complaint, however, . . . defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In support of its Notice of Removal, Defendants state that they have:

> in fact accelerated the loan, declared it in default and demanded repayment of $1,430,838.82 plus additional accrued interest and penalties. As a result, the Complaint seeks to enjoin [Defendants'] right to accelerate, default and collect the amounts due under the Agreement and the Note, which amounts exceed the jurisdictional minimum.

(Not. of Removal ¶ 14.) However, Plaintiff seeks to enjoin Defendants' acceleration of the loan repayment, which would require that Plaintiff pay the entire outstanding amount, plus interest and penalties, immediately. Nothing in the Complaint suggests that Plaintiff seeks to be relieved of ever having to repay the outstanding amount of the loan. In short, Plaintiff's Complaint appears to involve how and when it is to repay the loan, not if it must do so. Accordingly, it does not appear that the total outstanding amount of the loan is in controversy. Defendants have provided no summary-judgment type evidence to demonstrate that the amount in controversy exceeds the jurisdictional minimum.

      Defendants also have not shown that damages greater than $75,000 have been awarded in cases similar to this one. See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Beaver v. NPC Int'l, Inc., 451 F. Supp. 2d 1196, 1198 (D. Or. 2006) ("This court and others have sanctioned the introduction of decisions and awards in similar cases as evidence of the amount in controversy."). Defendants' allegations are not supported by a preponderance of the evidence. See, e.g., Valdez v.

---

[1] The amount in controversy must exceed $25,000.00 for unlimited civil cases in California Courts. See Cal. Code Civ. P. §§ 85, 86, 88.

**SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08–7835 PA (PLAx) | Date | December 18, 2008 |
|---|---|---|---|
| Title | Trident Labs, Inc. v. Merrill Lynch Commercial Fin. Corp., et al. | | |

Allstate Ins. Co., 372 F.3d 1115, 1116–17 (9th Cir. 2004).  Therefore, Defendants have failed to fulfill their burden to demonstrate that the amount in controversy exceeds $75,000.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendants have not met their burden to establish this Court's jurisdiction.  See Harris, 425 F.3d at 694.  Accordingly, the Court remands this action to Los Angeles Superior Court, case number BC 401081, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.